Matthew V. Moosbrugger (035449)
Moosbrugger Law, PLLC
2415 E. Camelback Rd. Ste. 700
Phoenix, AZ 85016
Telephone (602) 845-973
Matthew@Moosbrugger-Law.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rhonda Howard, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| State of Arizona, a Government Entity; Arizona Department of Economic Security, a Government Agency, | |
| Defendants. | |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Americans with Disabilities Act of 1990, as amended (the "ADA"), against Defendant State of Arizona and state Agency, Arizona Department of Economic Security, due to unlawful employment practices on the basis of color (perceived as brown), sex (female), and disability (cancer), to provide appropriate relief for Plaintiff who was adversely affected by such practices. As alleged with greater particularity in this

Complaint, Plaintiff alleges that the State of Arizona and the Arizona Department of Economic Security, (hereinafter "the State" or "Defendants") subjected Plaintiff to severe and pervasive harassment and/or hostile work environment on the basis of her color, sex, and disability, leading to substantial emotional distress.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S. Code § 451, 1331, 1337, and 1343(a)(4).

2. This action is authorized and instituted pursuant to sections 706(f)(1)(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 12112, 42 U.S.C. § 2000e-2(a), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United Stated District Court for the District of Arizona.

## PARTIES

4. Plaintiff, Rhonda Howard (hereinafter "Ms. Howard" or "Plaintiff"), was at all relevant times an employee of the State in Maricopa County, Arizona.

5. At all relevant times, Defendant has been a Government entity operating in the State of Arizona.

6. At all relevant times, Defendant has continuously employed fifteen (15) or more persons.

## ADMINISTRATIVE PROCEDURES

7. On October 11, 2022, Plaintiff initiated a Charge of Discrimination against Defendants in the Phoenix District Office of the Equal Employment Opportunity Commission (hereinafter "EEOC"), Charge Number: 540-2023-00180, alleging violations of her right to be from harassment based on her color, sex, and disability.

8. On March 15, 2023, Plaintiff received a Determination and Notice of Rights from the EEOC, entitling her to pursue her claims in Federal District Court by June 13, 2023.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

### FACTUAL ALLEGATIONS

10. While successfully fulfilling her responsibilities to the Arizona Department of Economic Security as a Legal Assistant 2, Ms. Howard was subjected to an unlawful hostile work environment based on her color, sex, and disability. Specifically, on April 11, 2022, following an in-office training, Ms. Howard's colleague stated to her that she wanted to have a talk with Ms. Howard, which occurred in front of their Supervisor.

11. During the conversation on April 11, 2022, Ms. Howard's colleague stated to her in an angry and hostile tone that she did not recognize Ms. Howard because she thought Ms. Howard was a "white girl" based on her staff photo, and Ms. Howard appeared brown when she sat near her in person. Ms. Howard's colleague added that if she knew it was Ms. Howard sitting there, she would not have sat near her.

12. In response Ms. Howard inquired whether her colleague had an issue with her, to which Ms. Howard's colleague responded to by stating that she does "have a problem with [Ms. Howard] and it's [her] cancer." Ms. Howard's colleague further stated that it "bothered" her when Ms. Howard let her team know that she was leaving for radiation treatment, despite everyone utilizing the same method of communication to let their team know when they will be away for meetings, appointments, and other reasons.

13. Ms. Howard's colleague further stated that Ms. Howard is an "imbecile … small minded … and unwomanly … [adding that] no one likes [Ms. Howard]."

14. After witnessing the verbal tirade Ms. Howard's colleague subjected Ms. Howard to based on her color, sex, and disability, Ms. Howard's Supervisor simply stated

that "we all have things we are stressed about," adding that she was not going to "tell [them] what to do," despite Ms. Howard's colleague acting in an inherently discriminatory manner against Ms. Howard based on her color, sex, and disability.

15. After this altercation Ms. Howard's Supervisor instructed Ms. Howard to only message her, rather than the whole team" to let her know when Ms. Howard would be away for radiation treatment, leaving Ms. Howard to be seen as the problem while her colleagues continued to notify the whole team when they would be away for appointments. Ms. Howard was instructed to follow a different protocol than everyone else exclusively because of her disability.

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

### [Hostile Work Environment – Color & Sex – 42 U.S.C. § 2000e-2(a)]

16. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

17. Defendant engaged in unlawful employment practices in Arizona, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Ms. Howard to severe and pervasive harassment constituting a hostile work environment because of her color and sex, including but not limited to, being told that she was acting "unwomanly," and being informed that her colleague would not have sat next to her if she did not believe she was a "white girl."

18. As described with more particularity above, Defendant's staff subjected Ms. Howard to unwelcome commentary based on her perceived nonconformance with gender-based assumptions, expectations, norms, or stereotypes of woman, in addition to exposing Ms. Howard to hate filled commentary based on the color of her skin.

19. Despite repeated complaints about the harassing comments and conduct, Defendant created and tolerated this hostile work environment and failed to take prompt or effective remedial action to correct it.

20. Defendant knew about the harassing comments and conduct outlined above due to the complaints received from Ms. Howard, her Supervisor witnessing the hate-filled commentary, in addition to the open and notorious nature of the conduct.

21. Despite this knowledge, Defendant failed to stop the harassing conduct.

22. Defendant failed to take prompt or effective action to prevent, correct, or remedy the hostile work environment.

23. The effect of the practices complained of in the foregoing paragraphs has deprived Ms. Howard of the equal enjoyment of terms and conditions of her employment and otherwise resulted in substantial emotional distress.

24. The unlawful employment practices complained of in the foregoing paragraphs were done with reckless indifference to Ms. Howard's statutorily protected Civil Rights.

## SECOND CLAIM FOR RELIEF

### [Hostile Work Environment – Disability – 42 USC § 12112]

25. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

26. Defendant engaged in unlawful employment practices in Arizona, in violation of 42 § USC 12112, by subjecting Ms. Howard to severe and pervasive harassment constituting a hostile work environment because of her disability, including but not limited to, being subjected to derogatory and hate-filled rhetoric from her colleague, which her colleague admitted was because of her "cancer," and having her Supervisor take the side of the harasser to force Ms. Howard to forego utilizing the team communication

platform to notify her colleagues she would be away for radiation treatment while her other colleagues are all free to utilize the platform for similar purposes.

27. Despite repeated complaints about the harassing comments and conduct, Defendant created and tolerated this hostile work environment and failed to take prompt or effective remedial action to correct it.

28. Defendant knew about the harassing comments and conduct outlined above due to the complaints received from Ms. Howard, her Supervisor witnessing the hate-filled commentary, in addition to the open and notorious nature of the conduct.

29. Despite this knowledge, Defendant failed to stop the harassing conduct.

30. Defendant failed to take prompt or effective action to prevent, correct, or remedy the hostile work environment.

31. The effect of the practices complained of in the foregoing paragraphs has deprived Ms. Howard of the equal enjoyment of terms and conditions of her employment and otherwise resulted in substantial emotional distress.

32. The unlawful employment practices complained of in the foregoing paragraphs were done with reckless indifference to Ms. Howard's statutorily protected Civil Rights.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendants to make Ms. Howard whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

B. Order Defendants to make the aggrieved individuals whole by providing compensation for past and future non-pecuniary losses, pursuant to Title VII and the ADA, resulting from the unlawful practices described above, including but not limited to

emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

      C.    Grant such further relief as the Court deems necessary and proper in the public interest.

RESPECTFULLY SUBMITTED this 13th day of June, 2023.

MOOSBRUGGER LAW, PLLC

_____
Matthew V. Moosbrugger, Esq.
2415 E. Camelback Rd. Ste. 700
Phoenix, AZ 85016
*Attorney for Plaintiff*