**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rhonda Howard, | No. CV-23-01087-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff Rhonda Howard previously worked for Defendant State of Arizona. During her employment, Howard believes she was subjected to a hostile work environment because of a disability, her race, and her sex. Defendant argues the hostile work environment claim based on disability is barred by the Eleventh Amendment and the hostile work environment claim based on race and sex is not supported by sufficient facts. Defendant is correct but Plaintiff will be granted leave to amend.

## BACKGROUND

As of April 2022, Howard was working at the Arizona Department of Economic Security. (Doc. 1 at 3). At that time, Howard had cancer and was taking intermittent time off to undergo radiation treatments. On April 11, 2022, Howard attended an in-office training. A colleague sat next to Howard during that training. Following the training, the colleague spoke with Howard in front of their supervisor. According to the complaint, the colleague stated she had looked at Howard's "staff photo" and concluded Howard was a "white girl." But having sat next to Howard, the colleague stated Howard appeared to be

"brown." The colleague added that if she had recognized Howard before sitting next to her, the colleague "would not have sat near" Howard.

Howard responded to these comments by asking if the colleague "had an issue with her." (Doc. 1 at 3). The colleague responded she "does have a problem and it's Howard's cancer." (Doc. 1 at 3). In particular, the colleague was "bothered" by Howard informing other employees when she would take time off for radiation treatments. Finally, the colleague stated Howard was "an imbecile . . . small minded . . . unwomanly . . . [and] no one likes [her]." (Doc. 1 at 3). The supervisor witnessed these statements but "simply stated that 'we all have things we are stressed about.'" (Doc. 1 at 4).

After Howard's interaction with her colleague, Howard's supervisor required Howard "message [the supervisor], rather than the whole team to let her know when [Howard] would be away for radiation treatment." (Doc. 1 at 4). This resulted in Howard being "seen as the problem." According to Howard, this was a "different protocol than everyone else" used when taking time off from work. Howard believes that differential treatment was due to a protected characteristic, such as her disability, sex, or race. (Doc. 1 at 4).

Based on these events, Howard filed the present suit asserting two hostile work environment claims against Defendant State of Arizona.[1] One claim is brought under the Americans with Disabilities Act ("ADA"), and the other claim is brought under Title VII. Defendant seeks dismissal of both claims arguing the Eleventh Amendment bars the ADA claim and the Title VII claim is not supported by sufficient factual allegations.

**ANALYSIS**

**I.     The Eleventh Amendment Bars the ADA Claim**

Defendant argues Howard's ADA claim is barred by the Eleventh Amendment. Plaintiff disagrees but does not provide any meaningful analysis of the authority cited by Defendant.

---

[1] Plaintiff also named the Arizona Department of Economic Security as a defendant but now concedes that agency is a "non-jural entity and consents to [its] dismissal." (Doc. 11 at 6).

- 2 -

In general, the Eleventh Amendment prevents individuals from suing states in federal court. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). However, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and act[s] pursuant to a valid grant of constitutional authority." *Id.* In 2001, the Supreme Court held "Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I" of the ADA.[2] *Id.* at 374 n.9. It is undisputed Howard's "hostile work environment" claim is brought under Title I of the ADA.[3] Howard does not offer any argument why the holding in *Garrett* should not apply. Therefore, Howard's ADA claim is barred by the Eleventh Amendment.

## II. Title VII Hostile Work Environment Claim Lacks Supporting Facts

The Eleventh Amendment does not bar Title VII claims. *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1221 (9th Cir. 2023) (noting Title VII "abrogates states' sovereign immunity"). Thus, Defendant seeks dismissal of Howard's Title VII hostile work environment claim by arguing the complaint's factual allegations are not sufficient to state a claim for relief.

To state a viable hostile work environment claim, Howard was required to allege facts showing she was "subjected to verbal or physical conduct" based on a protected characteristic, the conduct was unwelcome, and the conduct was "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment." *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005). That final element requires allegations Howard's "work environment was both subjectively and objectively hostile." *Id.* Determining whether a work environment was sufficiently hostile

---

[2] "The ADA contains five titles: Employment (Title I), Public Services (Title II), Public Accommodations and Services Operated by Private Entities (Title III), Telecommunications (Title IV), and Miscellaneous Provisions (Title V)." *Zimmerman v. Oregon Dep't of Just.*, 170 F.3d 1169, 1172 (9th Cir. 1999). Howard's ADA claim is brought under Title I.

[3] The Ninth Circuit has not yet determined whether "hostile work environment claims are cognizable under the ADA." *Denning v. Cnty. of Washoe*, 799 F. App'x 547 (9th Cir. 2020). But even if such a claim exists, the Eleventh Amendment bars it against nonconsenting states.

1  involves looking "to all of the circumstances, including the frequency, severity, and nature
2  (i.e., physically threatening or humiliating as opposed to merely verbally offensive) of the
3  conduct." *Id.* "The required severity of the conduct varies inversely with its pervasiveness
4  and frequency." *Id.*

5  Title VII is not meant as "a general civility code" and "sporadic use of abusive
6  language, gender-related jokes, and occasional teasing" are not sufficient to establish a
7  hostile work environment claim. *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 648 (9th
8  Cir. 2021). This standard has precluded claims involving offensive conduct that did not
9  permeate the workplace. For example, a female employee alleged a hostile work
10 environment claim based on another employee referring "to women generally as 'bitches'
11 and 'histrionics.'" *Id.* (quoting *Kortan v. California Youth Auth.*, 217 F.3d 1104, 1107 (9th
12 Cir. 2000)). That was not sufficient. In another case, a female Chinese American alleged
13 her coworkers referred to her as "China woman" and she saw them "pulling their eyes back
14 with their fingers in an attempt to imitate or mock the appearance of Asians." *Id.* (citing
15 *Manatt v. Bank of America, NA*, 339 F.3d 792, 795 (9th Cir. 2003)). Again, that was not
16 severe or pervasive enough to support a hostile work environment claim.

17 In this case, Howard bases her hostile work environment claim on the single incident
18 involving her colleague. A single incident might be sufficient to establish a hostile work
19 environment claim because "frequency of the discriminatory conduct is only one factor in
20 the analysis." *Fried*, 18 F.4th at 648. But a single incident will suffice only when it is
21 "extremely severe." *Id.* For example, a plaintiff raped by a business colleague was a
22 sufficiently severe single incident to support a hostile work environment claim. *Little v.*
23 *Windermere Relocation, Inc.*, 301 F.3d 958, 968 (9th Cir. 2002). But an incident where a
24 coworker "forced his hand underneath [the plaintiff's] sweater and bra to fondle her bare
25 breast" was not a sufficiently severe single incident. *Brooks v. City of San Mateo*, 229 F.3d
26 917, 921 (9th Cir. 2000).

27 The incident with Howard's colleague involved statements that the colleague
28

thought Howard was a "white girl," but in-person Howard appeared "brown."[4] The colleague also stated Howard was "an imbecile . . . small minded . . . unwomanly . . . [and] no one likes [her]." (Doc. 1 at 3). Despite hearing those comments, Howard's supervisor did not take any action other than requiring Howard use a different method than other employees when Howard needed time off work. While offensive, the comments by the colleague and the failure by the supervisor to intervene were not sufficiently severe to state a claim for hostile work environment. Howard has not cited any authority recognizing a hostile work environment claim based on statements or actions such as these. The comments and behavior alleged in the complaint fall short of the "extremely severe" threshold. *Fried*, 18 F.4th at 648.

The Title VII hostile work environment claim will be dismissed with leave to amend. If she chooses to amend, Howard must allege additional facts establishing the single incident with her colleague rises to an actionable level or Howard must allege other incidents in the workplace showing she was subjected to "severe or pervasive" conduct that "alter[ed] the conditions of [her] employment." *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005).

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 10) is **GRANTED**. Plaintiff shall file an amended complaint no later than **April 30, 2024**. The Clerk of Court shall enter a judgment of dismissal with prejudice in the event no amended complaint is filed by that date.

Dated this 15th day of April, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[4] Howard describes her Title VII hostile work environment claim as based "on the intersection of her color, sex, and disability." However, "Title VII does not encompass discrimination on the basis of disability." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 (9th Cir. 2008). Therefore, the Court must focus on allegations regarding Howard's "color, sex."